IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUANGCHITH                          :               CIVIL ACTION
SOUTHIVONGNORATH                     :
                                     :
        v.                           :
                                     :
CAROLYN W. COLVIN                    :               NO. 14-7292

<u>ORDER</u>

AND NOW, this 27th day of April, 2016, upon consideration of plaintiff
Douangchith Southivongnorath's brief and statement of issues in support of request for review
(docket entry #8), defendant Carolyn W. Colvin's response thereto, the Honorable Richard A.
Lloret's Report and Recommendation ("R&R") (docket entry #15), plaintiff's objections thereto
(docket entry #16), and defendant's response to those objections, and the Court finding that:

(a)     Our review of an Administrative Law Judge's ("ALJ") decision is
deferential, as we are bound by findings of fact if they are supported by substantial evidence in
the record, <u>Knepp v. Apfel</u>, 204 F.3d 78, 83 (3d Cir. 2000), and we are limited to determining
whether there is substantial evidence to support the ALJ's decision, <u>Hartranft v. Apfel</u>, 181 F.3d
358, 360 (3d Cir. 1999);

(b)     Substantial evidence is more than a mere scintilla and consists of such
relevant evidence that a reasonable mind might accept as adequate, and even if the record could
support a contrary conclusion, an ALJ's decision will not be overruled so long as there is
substantial evidence to support it, <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 118 (3d
Cir. 2000);

(c)     Judge Lloret recommends that we deny plaintiff's request for review,
R&R at 9;

      (d)      Local Civil Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) … within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections;"

      (e)      We make de novo determinations of those portions of the report or specified proposed findings or recommendations to which petitioner objects, see 28 U.S.C. § 636;

      (f)      Plaintiff did not object to the R&R's factual and procedural history, which we now adopt, and, since we write only for the parties, do not rehearse here;

      (g)      Plaintiff timely filed objections to the R&R, which we now consider;

      (h)      First, plaintiff objects that the ALJ's finding that her only medically determinable impairment was a right heel spur is not supported by substantial evidence, Objections at 1;

      (i)      The ALJ determined at step two that plaintiff had no severe impairments and only one medically determinable impairment, namely a heel spur on her right foot, R. at 19;

      (j)      The step two inquiry is a de minimis screening device to dispose of groundless claims, Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003), and the claimant bears the burden of demonstrating that she has a medically determinable severe impairment or combination of impairments, Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987);

      (k)      To be medically determinable, an impairment must be established by medical evidence, not only by the claimant's statement of symptoms, and to be severe, an

impairment must significantly limit the claimant's ability to do basic work activities, 20 C.F.R.

§§ 404.1509, 416.908, 404.1521(a), 416.921(a);

(l)     Severe impairments are different from slight abnormalities, which have

such minimal effect that they would not be expected to interfere with the claimant's ability to

work, Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 144 (3d Cir. 2007);

(m)     The ALJ found that plaintiff's entire treatment record for her foot pain

consisted of three visits to a podiatrist in a two week period, R. 278-80, and that the medical

record revealed a bilateral arch sprain that self-resolved, resistant bilateral plantar fasciitis, and

mild bone spurs in her heels, R. 21, R. 278-80, for which plaintiff was prescribed orthotics and

two injections treatments, and for which she took muscle relaxants and non-steroidal anti-

inflammatories, R. 258, R. 266;

(n)     Thus the ALJ's determination that plaintiff failed to come forward with

medical evidence of a severe impairment was supported by substantial evidence, namely, the

finding of a lack of evidence, and we will therefore overrule plaintiff's first objection;

(o)     Second, plaintiff objects that the ALJ did not properly assess her obesity,

Objections at 2;

(p)     Plaintiff does not dispute that she did not raise her obesity in the

proceedings before the ALJ, see R&R at 7, but rather argues that her failure to raise the issue

does not excuse the ALJ's failure to address it because there was evidence in the medical record

that she was obese, Objections at 2-3;

(q)     Although plaintiff's medical record includes mention and diagnosis of her

obesity, R. 279, R. 267, plaintiff bore the burden of demonstrating how her obesity contributed to

her alleged disability, which she failed to do, and therefore it was not an error for the ALJ not to consider her obesity as contributing to her alleged disability;

(r)       We will therefore overrule plaintiff's second objection;

(s)       Third, plaintiff objects that the ALJ rejected medical opinion evidence without good reason or adequate explanation, Objections at 3;

(t)       The ALJ rejected Dr. Shahana Karim's opinion for lack of support in the medical record, R. 21;

(u)       Although plaintiff argues that there was supporting medical evidence in the record, the ALJ explained that, after considering the evidence in the record, which was rather thin, there was no support for Dr. Karim's assessment that plaintiff would have functional limitations, R. 21;

(v)       The ALJ did not err by finding that the scarcity of evidence in the record belied Dr. Karim's assessment, and we will therefore overrule plaintiff's third objection;

(w)       Fourth, plaintiff objects that the ALJ rejected her testimony without good reason or adequate explanation and that the R&R did not address the ALJ's rejection of her testimony, Objections at 4;

(x)       The ALJ explained that she had to make credibility determinations regarding a plaintiff's statement based on a review of the entire case record whenever that plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms were not substantiated by objective medical evidence, R. 20, and the ALJ then recounted that plaintiff did not often see a foot doctor, had no emergency room visits, took no medication, and did not use a cane, R. 20;

(y)     In light of the scant medical record, the ALJ did not err by failing to credit plaintiff's testimony, and we will therefore overrule plaintiff's fourth objection;

(z)     Fifth and finally, plaintiff objects that the ALJ's alternate rationale does not render the error harmless, Objections at 4;

(aa)    As we find there was no error in the ALJ's step two analysis, we need not consider the propriety of the alternate rationale, and we will overrule this last objection; and

(bb)    We will therefore approve and adopt the R&R over plaintiff's objections and enter judgment in the Commissioner's favor.

It is hereby ORDERED that:

1.      Plaintiff's objections (docket entry #16) are OVERRULED;

2.      The Report and Recommendation (docket entry #15) is APPROVED AND ADOPTED;

3.      Plaintiff's motion for summary judgment and request for review (docket entry #8) is DENIED; and

4.      The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.